STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of David Siegel }
         }
         } Docket No. 258-11-00 Vtec
         }
         }

Decision and Order

Appellant appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Duxbury upholding the enforcement action taken by the Zoning Administrator in a letter dated July 24, 2000. Appellant represents himself; Appellees Patricia DiRuocco and Jean Ruth Connolly are represented by Richard Darby, Esq.; the Town of Duxbury is now represented by Steven A. Reynes, Esq.

An evidentiary hearing was held in this matter before Merideth Wright, Environmental Judge, on a portion of the merits of this matter; the parties argued orally on the record. Upon consideration of the evidence and the oral arguments, and the earlier rulings of the Court in this matter, the Court finds and concludes as follows. Additional undisputed facts not stated in this Decision and Order may be found in two earlier orders of the Court in this matter, dated April 10, 2001 and May 4, 2001; some of those facts are repeated for ease of reference in this decision.

Town Highway No. 30 was a road three rods (492 feet) in width, since its creation in 1893. After the Connollys had acquired the house at issue in this matter, on December 11, 1970, the Selectboard ordered that Town Highway No. 30 A from the westerly end of the Robert E. Connolly house [now Appellees= house], extending generally westerly to the end of said Highway No. 30@ be changed in status from A open highway@ to A trail.@ The road is otherwise a Class 4 road from Turner Road to the westerly end of the Connolly house.

As of May 28, 1995, William Anderson was the Zoning Administrator. Appellees Jean Ruth Connolly (as applicant) and Patricia DiRuocco (as owner) applied to construct a two-car garage across the road from the Connolly house. The application included a plot plan sketch. The garage was constructed. Issues relating to whether it was constructed in the location shown on the plot plan sketch and approved by the Zoning Administrator have been reserved to the second portion of the trial.

Based on the evidence at trial, the Court finds that westerly end of the house as it existed at the time of the Selectboard= s reclassification action in 1970, is located as shown on Exhibit 6. The dividing line between the A trail@ segment of Town Highway No. 30 and the A road@ segment of Town Highway No. 30 is a line located by extending the most westerly side of the house to the road, and then by taking a line perpendicular to the traveled way across the road, shown as line ABC on the reduced-size copy of Exhibit 6 shown below.

The entire garage therefore was built westerly of the westerly end of the house, and therefore adjacent to the trail rather than to the Class 4 road.

Therefore we must address the parties= arguments on whether the bylaws require that roadside setbacks to be met adjacent to trails.

Under the Zoning Ordinance, neither the term > setback= nor the term > road= is defined. In all districts in which buildings are allowed, the minimum setback is A 70 feet from the center of the traveled portion on all roads@ (except 80 feet on a four-rod road). This would mean that buildings would be set back approximately 45 feet on each side of the right-of-way of a three-rod road, assuming that the traveled portion is centered in the right-of-way.

The Zoning Ordinance makes reference to public and private > roads= (see, e.g., ' 6.1.2 and ' 5.3, specific standard 9(b)), and to > driveways= (see, e.g., ' 5.3, specific standard 9(d)) but not to trails. Section 6.1.2 also distinguishes between public and private roads, on the one hand, and permanent easements or rights-of-way that provide access to such public or private roads. Shared driveways and legal trails qualify as permanent easements or rights-of-way, as distinct from public or private roads. Reading the Zoning Ordinance as a whole, setbacks must be met to public and private roads, but not to permanent easements or rights-of-way that provide access to such public and private roads. Therefore, Appellees= garage did not have to meet the setback requirement of 70 feet from the center of the traveled portion of the trail.

However, we note that, even if no setback must be met, the right-of-way of the trail remains three rods wide. Today= s ruling regarding the Zoning Ordinance does not resolve any dispute regarding the property rights of the parties, including those of the Town, to the use of the right-of-way of the trail, or whether Appellees= garage improperly encroaches on that right-of-way. Such a dispute may be within the jurisdiction of the Superior Court, but is beyond the jurisdiction of Environmental Court.

Based on the foregoing, it is hereby ORDERED and ADJUDGED that the dividing line between the road and trail segments of Town Highway 30 is as located on the diagram above; that therefore the garage is located adjacent to the trail segment; and that the setback requirements of the Zoning Ordinance do not apply to the location of the garage.

We will hold a telephone conference with the parties on November 14, 2001, to determine whether any matters relating to the actual location of the garage compared with the permitted location of the garage remain to be set for hearing, or whether today= s decision and order resolves this appeal.

Done at Barre, Vermont, this 9th day of November, 2001.


_____
Merideth Wright
Environmental Judge